UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-03089-KK-DTBx** | Date: | January 20, 2026 |
|---|---|---|---|

| Title: | *Mauricio Caballero v. Nissan North America, Inc. et al.* |
|---|---|

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (In Chambers) Order DENYING Plaintiff's Motion to Remand [Dkt. 12]**

I.
**INTRODUCTION**

On October 8, 2025, plaintiff Mauricio Caballero ("Plaintiff") filed a Complaint against defendant Nissan North America, Inc. ("Defendant") in San Bernardino County Superior Court, alleging violations of the Magnuson-Moss Warranty Act, 15 U.S.C § 2301 et seq., ("Magnuson-Moss Act") and California Uniform Commercial Code, Cal. Com. Code § 1101 et seq. ("UCC"). ECF Docket No. ("Dkt.") 1-1, Ex. A, Complaint ("Compl."). On November 17, 2025, Defendant filed a Notice of Removal ("NOR") pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. Dkt. 1, NOR. On December 8, 2025, Plaintiff filed the instant Motion to Remand ("Motion"). Dkt. 12, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

II.
**BACKGROUND**

As alleged in the Complaint, Plaintiff purchased a used 2023 Nissan Rogue ("Subject Vehicle"). Compl. ¶ 6. When the Subject Vehicle was sold to Plaintiff, he "believed the Subject Vehicle conformed to factory specifications." Id. ¶ 23. However, the Subject Vehicle "contained multiple manufacturer defects, defects in assembly, defects in design, and other defects." Id. ¶ 20. Plaintiff later learned the Subject Vehicle "did not conform" to factory specifications when it

manifested "significant defects and non-conformities during the implied and express warranty periods." Id. ¶ 25. Such defects and non-conformities rendered the Subject Vehicle "virtually useless [] due to the frequency of breakdowns, the safety hazards associated with using the Subject Vehicle, and the amount of time the Subject Vehicle was out of service due to repair attempts made by Defendant[]." Id. ¶ 26. While Plaintiff provided Defendant "a reasonable opportunity to cure [its] breach of warranty," Defendant "refused to provide a remedy" and, thus, "violated [its] obligations to repair the Subject Vehicle to conform to factory specifications." Id. ¶¶ 17, 25.

On October 8, 2025, Plaintiff filed the operative Complaint against Defendant in San Bernardino County Superior Court, raising claims under the Magnuson-Moss Act and UCC. Id. ¶¶ 8-35. Among other forms of relief, Plaintiff seeks actual damages and a civil penalty. Id. at 4-5.

On November 17, 2025, Defendant filed a Notice of Removal. NOR. Defendant argues removal is proper based on federal question jurisdiction because the amount in controversy exceeds the $50,000 jurisdictional requirement under the Magnuson-Moss Act. Id. at 2-3. Defendant also argues the Court has supplemental jurisdiction over Plaintiff's UCC claim. Id. at 3. In the alternative, Defendant contends removal is proper based on diversity jurisdiction because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000. Id. at 4-5.

On December 8, 2025, Plaintiff filed the instant Motion. Mot. Plaintiff argues this action should be remanded because Defendant has not provided sufficient facts or evidence to establish the amount in controversy. Id. at 3-6. In support of the Motion, Plaintiff submits a declaration from his counsel.[1] Dkt. 12-1.

On December 31, 2025, Defendant filed an Opposition to the Motion. Dkt. 13, Opposition ("Opp."). In support of the Opposition, Defendant submits the Declaration of Richard J. May ("May Decl."), dkt. 13-1. Defendant also submits copies of the Retail Installment Sales Contract, May Decl. ¶ 5, Ex. A ("RISC") and repair orders for the Subject Vehicle, id. ¶¶ 6-9, Exs. B-E.

On January 8, 2026, Plaintiff filed a Reply in support of the Motion. Dkt. 14, Reply.

This matter, thus, stands submitted.

### III.
### LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction. When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties and (2) an amount in controversy over $75,000. 28 U.S.C. § 1332; see also Chavez v. JPMorgan

---

[1] Plaintiff's counsel purports to attach to her declaration a "true and correct copy of Plaintiff's Proof of Service of Summons" and a "true and correct copy of the Purchase Agreement for the Subject Vehicle." Dkt. 12-1, ¶¶ 5, 10, Exs. 1-2. However, the exhibits attached to the declaration appear to concern Tolbert v. Subaru of America, Inc., Case No. CV-25-010422, an unrelated case in Stanislaus County Superior Court.

Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); see also Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

When removing a case under federal question jurisdiction, the defendant must establish the claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; see also Negrete v. City of Oakland, 46 F.4th 811, 816-17 (9th Cir. 2022). Pursuant to 28 U.S.C. § 1367, a federal court may exercise supplemental jurisdiction over "claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

## IV.
## DEFENDANT HAS MET ITS BURDEN FOR SATISFYING THE AMOUNT IN CONTROVERSY REQUIREMENT

### A.    APPLICABLE LAW

To determine the amount in controversy, "courts first look to the complaint" and generally find the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (citation and internal quotation marks omitted). "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 793 (9th Cir. 2018). However, the amount of controversy is reduced if "a rule of law or measure of damages limits the amount of damages recoverable." Morris v. Hotel Riviera, Inc., 704 F.2d 1113, 1115 (9th Cir. 1983).

Where the amount in controversy is unclear or ambiguous from the face of the state-court complaint, "a defendant's amount in controversy allegation is normally accepted . . . unless it is 'contested by the plaintiff or questioned by the court.'" Jauregui v. Roadrunner Transp. Servs., Inc., 28 F.4th 989, 992 (9th Cir. 2022) (quoting Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 87 (2014)). In moving to remand a case, a plaintiff can make either a facial or factual attack on the defendant's amount in controversy allegations. Harris v. KM Indus., Inc., 980 F.3d 694, 699 (9th Cir. 2020). A facial attack "accepts the truth of the defendant's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." Id. (quoting Salter v. Quality Carriers, Inc., 974 F.3d 959, 964 (9th Cir. 2020)) (citation modified). In contrast, a factual attack "contests the truth of the [defendant's] factual allegations" themselves. Salter, 974 F.3d at 964 (quoting Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014)) (citation modified).

When a plaintiff facially attacks the defendant's jurisdictional allegations, the defendant need not present evidence in support of its allegations; rather, the defendant must only "include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[.]" Salter, 974 F.3d at 964 (quoting Dart Cherokee Basin Operating Co., 574 U.S. at 89). However, when a plaintiff makes a factual attack, the defendant must "support[] its 'jurisdictional allegations with competent proof.'" Harris, 980 F.3d at 701 (quoting Salter, 974 F.3d at 964).

To resolve a factual challenge, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Jauregui, 28 F.4th at 99 (quoting Dart Cherokee Basin Operating Co., 574 U.S. at 88) (citation modified).  Parties may submit evidence, "including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  Ibarra, 775 F.3d at 1197 (citation and internal quotation marks omitted).  "A defendant may rely on reasonable assumptions to prove that it has met the statutory threshold."  Harris, 980 F.3d at 701.

Claims arising under the Magnuson-Moss Act do not trigger federal question jurisdiction unless the amount in controversy is equal to or greater than "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit." 15 U.S.C. § 2310(d)(3)(B); see Khachatryan v. BMW of N. Am., LLC, No. CV 21-01290-PA-PDx, 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021).  In calculating damages for claims brought under the Magnuson-Moss Act, courts look "to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy." Romo v. FFG Ins. Co., 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005) (citing Kelly v. Fleetwood Enters., 377 F.3d 1034, 1039 (9th Cir. 2004)).

In California, the applicable state law for calculating remedies under the Magnuson-Moss Act is the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 et seq. ("Song-Beverly Act").  Id. at 1239-40.  Under the Song-Beverly Act, the buyer of a vehicle may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by an amount "directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity."  Cal. Civ. Code § 1793.2(d)(2)(B)-(C); see also Schneider v. Ford Motor Co., 756 F. App'x 699, 701 n.3 (9th Cir. 2018).  This reduction, also known as a mileage offset, is calculated by dividing the number of miles driven prior to first delivery for correction by 120,000 and multiplying the resulting fraction by the actual price of the new motor vehicle paid or payable by the buyer.  Cal. Civ. Code § 1793.2(d)(2)(C).  The calculation of the "actual price paid or payable" for the vehicle may be further reduced by certain statutory offsets, including optional equipment, negative equity, manufacturer's rebates, and unpaid financing costs.  See Cal. Civ. Proc. Code § 871.27.  If a defendant's violation of the Song-Beverly Act is willful, the buyer may recover a civil penalty of up to two times the amount of actual damages.  Cal. Civ. Code § 1794(c).

## B.     ANALYSIS

Here, Defendant has met its burden of establishing an amount in controversy in excess of $50,000 for federal question jurisdiction under the Magnuson-Moss Act or $75,000 for diversity jurisdiction.[2]

As an initial matter, Plaintiff asserts Defendant must establish the jurisdictional threshold by a preponderance of the evidence.  Mot. at 4.  However, Plaintiff makes only a facial attack on Defendant's jurisdictional allegations.  Specifically, Plaintiff maintains Defendant's amount in

---

[2] With respect to diversity jurisdiction, Defendant sufficiently alleges complete diversity of citizenship between the parties.  NOR at 4.  Plaintiff does not dispute the existence of complete diversity of citizenship.

controversy allegations are merely "conclusory assertions and speculation" unsupported by "any evidence." Id. This argument contests the sufficiency, rather than the "rationality, or the factual basis," of Defendant's assertions. Salter, 974 F.3d at 964. Thus, contrary to Plaintiff's assertion, Defendant needs only to present a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Id. (citation and internal quotation marks omitted); see also Castro v. Gen. Motors, LLC, No. CV 25-8792-MWF-SSCx, 2025 WL 3719459, at *4 (C.D. Cal. Dec. 22, 2025) (applying the plausibility standard to a similar challenge to removal jurisdiction). "[A]ccepting [Defendant's] allegations as true and drawing all reasonable inferences in the [D]efendant's favor," the Court finds Defendant plausibly alleges the amount in controversy exceeds the jurisdictional threshold. Salter, 974 F.3d at 964; accord Kilkenny v. Gen. Motors, LLC, No. 25-cv-08009-PCP, 2025 WL 3628513, at *3 (N.D. Cal. Dec. 15, 2025).

Even if Plaintiff mounted a factual attack, Defendant provides sufficient evidence showing the amount in controversy satisfies the jurisdictional threshold. See Tate v. Gen. Motors LLC, No. CV 25-07663-DSF-MAAx, 2025 WL 3072627, at *3 (C.D. Cal. Nov. 3, 2025) (examining the evidence regarding the amount in controversy in light of the court's "independent obligation to determine whether subject-matter jurisdiction exists" (quoting Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006)). Specifically, Defendant provides the Retail Installment Sale Contract and repair orders for the Subject Vehicle. May Decl. ¶¶ 5-9, Exs. A-E; see Carillo v. FCA USA, LLC, 546 F. Supp. 3d 995, 1001-04 (C.D. Cal. 2021) (finding the defendant met its evidentiary burden for establishing the amount in controversy by submitting the sales contract and repair history for the vehicle at issue). The Retail Installment Sale Contract confirms the total sale price of the Subject Vehicle is $35,993.52. RISC at 1; see also Canesco v. Ford Motor Co., 570 F. Supp. 3d 872, 896 (S.D. Cal. 2021) (finding actual damages for a purchased vehicle include the unpaid amount of the loan balance). Plaintiff and Defendant both agree the mileage offset is $1,330.26, which is also corroborated by the Retail Installment Sale Contract and repair orders.[3] Mot. at 4; Opp. at 5.

Moreover, it appears Defendant is entitled to additional statutory offsets of $1,495 from an optional theft deterrent device and $2,000 from the negative equity from Plaintiff's trade-in vehicle.[4] See RISC at 2; Cal. Civ. Proc. Code § 871.27(b)(1) ("Optional . . . theft-deterrent devices . . . supplied by a third party . . . are not recoverable as damages pursuant to this section."); id. § 871.27(c) ("The defendant is entitled to an offset for negative equity incorporated in the transaction from prior vehicles."). Therefore, subtracting the mileage and statutory offsets from the

---

[3] The Retail Installment Sale Contract shows the total mileage of the Subject Vehicle at the time of purchase was 16,715 miles. RISC at 1. Additionally, the repair orders show the total mileage of the Subject Vehicle when Plaintiff first presented it for repair on August 28, 2024 was 21,150 miles. May Decl. ¶ 6, Ex. B. Thus, the number of miles driven prior to Plaintiff's first delivery for correction is 4,435 miles. Applying the statutory formula for calculating the mileage offset and using the total sale price as the "actual price of the new motor vehicle" yield a mileage offset of $1,330.26. See Cal Civ. Code § 1793.2(d)(2)(C).

[4] Neither party addresses the statutory offsets available under California Civil Procedure Code section 871.27, which serves as "a rule of law or measure of damages limit[ing] the amount of damages recoverable" under the Song-Beverly Act. Morris, 704 F.2d at 1115; see Cal. Civ. Proc. Code § 871.27. Regardless, as discussed herein, consideration of these additional offsets does not alter the outcome in this case.

---

total sale price, the amount of Plaintiff's actual damages is $32,498.52.[5]  Including a civil penalty of up to two times this amount, see Cal. Civ. Code § 1794(c), the amount in controversy is $97,495.56, well above the $50,000 threshold for federal question jurisdiction under the Magnuson-Moss Act or the $75,000 threshold for diversity jurisdiction.[6]

Plaintiff contends the civil penalty should not be included in the amount in controversy because Defendant's "projection of civil penalties is . . . conjectural" and Defendant fails to "offer evidence of willfulness that might support such an award."  Mot. at 5.  Plaintiff's arguments are unpersuasive and misconstrue Defendant's burden in opposing remand.  First, because Defendant has established actual damages by a preponderance of the evidence, the amount of the civil penalty is likewise non-speculative.  See, e.g., Ghebrendrias v. FCA US LLC, No. CV 21-06492-VAP-PDx, 2021 WL 5003352, at *2 (C.D. Cal. Oct. 28, 2021) (computing the civil penalty based on actual damages).  Second, Defendant need not present evidence supporting a civil penalty award because Plaintiff specifically seeks "a civil penalty in the amount of two times Plaintiff's actual damages pursuant to [Cal Civ. Code §] 1794(c)[.]"  Compl. at 4.  Thus, Defendant sufficiently demonstrates that Plaintiff has placed the maximum amount of the civil penalty in controversy, "whatever the likelihood that [he] will actually recover" that amount.  Chavez, 888 F.3d at 417; see also Amavizca v. Nissan N. Am., Inc., No. EDCV 22-02256-JAK-KKx, 2023 WL 3020489, at *8 (C.D. Cal. Apr. 19, 2023) ("[Defendant] need not prove that Plaintiff[] [is] more likely than not to obtain the maximum civil penalty award; [Defendant] need only prove, by a preponderance of the evidence, that Plaintiff[] ha[s] placed this amount in controversy.").  Under these circumstances, Defendant is not "required to put forth evidence of its own willfulness."  De Vidal v. Ford Motor Co., No. CV 21-07115-FLA-JPRx, 2022 WL 17093070, at *4 (C.D. Cal. Nov. 21, 2022); see also Brooks v. Ford Motor Co., No. CV 20-302-DSF-KKx, 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020) ("It would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act . . . .").

Hence, considering both actual damages and the civil penalty, Defendant has established by a preponderance of the evidence an amount in controversy above the $50,000 threshold for federal

---

[5] Under California Civil Procedure Code section 871.27, Defendant is also "not responsible for payment of unpaid interest or unpaid financing costs associated with the retail installment sales contract that will not be owed or paid by [Plaintiff] when the lien is paid off."  Cal. Civ. Proc. Code § 871.27(f).  Here, the Retail Sale Installment Contract shows a finance charge of $7,688,50.  RISC at 1.  However, it appears this charge will, in fact, be owed or paid by Plaintiff when the loan balance is paid off.  Therefore, the finance charge is properly included the amount of Plaintiff's actual damages.  Cf. Robertson v. Fleetwood Travel Trailers of Cal., Inc., 144 Cal. App. 4th 785, 814 (2006) (holding a plaintiff is entitled to reimbursement of "finance charges incurred in conjunction with the purchase" under the Song-Beverly Act).

[6] While Defendant also contends "[t]he inclusion of such attorney fees alone satisfies the jurisdictional threshold," NOR at 5, Plaintiff challenges Defendant's allegation as "self-serving" speculation, Mot. at 5-6.  Because the evidence shows the amount in controversy exceeds the jurisdictional threshold regardless of attorneys' fees, the Court need not decide this issue.  See, e.g., Lee v. FCA US, LLC, No. CV 16-5190-PSG-MRWx, 2016 WL 11516754, at *3 (C.D. Cal. Nov. 7, 2016) (declining to consider additional awards where "Defendant has established that statutory damages alone are likely to exceed the jurisdictional amount in controversy").

question jurisdiction under the Magnuson-Moss Act or the $75,000 threshold for diversity jurisdiction.[7]  Accordingly, Defendant has met its burden for demonstrating removal is proper.

## V.
## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED**.

---

[7] To the extent the Court has original jurisdiction over Plaintiff's Magnuson-Moss Act claim, it also has supplemental jurisdiction over Plaintiff's related UCC claim.  See 28 U.S.C. § 1367(a).